# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| RONALD LEE HODGES and<br>CAROLYN ANN HODGES,<br><br>        Plaintiffs,<br>v.<br><br>COTTAGE HILL APARTMENTS,<br>d/b/a Kimberling City Housing Auth. 2,<br>d/b/a Signature Management Corp.,<br>d/b/a Wildwood Resort Properties, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 05-5060-CV-SW-FJG<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Pending before the Court is Plaintiffs Ronald Lee Hodges and Carolyn Ann Hodges' Motion to Proceed In Forma Pauperis. (Doc. No. 1). Together with said motion are plaintiffs' Affidavits of Financial Status.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

The Court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. <u>Cross v. Gen. Motors Corp.</u>, 721 F.2d 1152, 1157 (8th Cir. 1983). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. <u>Adkins v. E.I. Du Pont De Nemours & Co.</u>, 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff Ronald Lee Hodges' affidavit reveals that he is divorced[1] with no dependents. Plaintiff states in his affidavit that he is not currently employed and indicates no previous employment. Plaintiff does not own any real property or automobiles.

Plaintiff Ronald Lee Hodges indicates that he has $20 cash on hand including checking and savings accounts, and indicates that his bank is Metropolitan National Bank in Kimberling City, Missouri. In the past twelve months, plaintiff indicates that he has received Social Security disability benefits of $888.00 per month and $34.00 per month in food stamps. Plaintiff reports he has a $325.00 monthly rental payment, electric bill of $111.00, grocery bill of $200 per month, and renter's insurance payment of $150.00 per year.

With respect to plaintiff Carolyn Ann Hodges, her affidavit reveals that he is divorced with no dependents. Plaintiff states in her affidavit that she is not currently employed and indicates no previous employment. Plaintiff does not own any real property. However, plaintiff owns a 1993 Toyota Corolla with a present value of $500.00.

Plaintiff Carolyn Ann Hodges indicates that she has $40 cash on hand including checking and savings accounts, and indicates that her bank is Bank of America in Branson West, Missouri. In the past twelve months, plaintiff indicates that she has received Social Security disability benefits of $1,019.00 per month. Plaintiff reports she will have a $450.00 monthly rental payment[2], grocery bill of $250 per month, car insurance payment of $76.00 per month, and credit card payments amounting to $90.00 per month total.

---

[1] Apparently, the co-plaintiffs in this case are divorced from each other.

[2] Plaintiff Carolyn Hodges' affidavit indicates that this $450 month rental payment is "not yet contracted."

Based upon the information provided in plaintiffs' affidavits, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis. Therefore, the Court will grant plaintiffs' applications for leave to file this civil action in forma pauperis. Additionally, the Court finds that Plaintiff's complaint is not barred by 28 U.S.C. § 1915(e)(2)(B). Granting a liberal construction to plaintiffs' pro se complaint of housing law violations, the complaint does not appear to be frivolous, nor does it appear to state a claim on which relief cannot be granted or seek monetary relief against a defendant who is immune from such relief.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Proceed In Forma Pauperis (Doc. No. 1) is **GRANTED**;

2. Because this case is included in the Case Management/Electronic Case Filing (CM/ECF) system, and plaintiffs are proceeding pro se, the Clerk's office is responsible for electronically filing the complaint as of the date of this order;

3. The Clerk of Court shall forward appropriate process forms to plaintiffs;

4. Within twenty days, plaintiffs shall return the completed summons and service forms to the Clerk's office showing the address where defendant may be served; and

5. The Clerk of the Court is directed to issue summons and process and deliver same to the United States Marshal for service upon the defendant. The United States Marshal may first attempt service by certified mail, return receipt requested.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiffs at the following addresses:

    Ronald Lee Hodges
    19B Cottage Hill Apartments
    Kimberling City, Missouri 65686

    Carolyn Ann Hodges
    35A Lakeshore Drive
    Kimberling City, Missouri 65686


**IT IS SO ORDERED.**


Date: May 20, 2005                              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                              United States District Judge