# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

RONALD LEE HODGES and )
CAROLYN ANN HODGES, )
                                                  Plaintiffs, )
v. )
                                                      ) No. 05-5060-CV-SW-FJG
COTTAGE HILL APARTMENTS, )
d/b/a Kimberling City Housing Auth. 2, )
d/b/a Signature Management Corp., )
d/b/a Wildwood Resort Properties, LLC, )
                                                  Defendant. )

# ORDER

Pending before the Court are (1) plaintiffs' motion for appointment of counsel (Doc. No. 5); and (2) plaintiffs' motion to submit new information in support of plaintiffs' civil complaint regarding abuse and terrorism by the defendant (Doc. No. 7). Each will be considered below.

**I. Appointment of Counsel Motion (Doc. No. 5)**

Plaintiffs have requested appointment of counsel. Although a civil litigant does not have a constitutional or statutory right to a court-appointed attorney, the district court may make such an appointment at its discretion. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). The appointment of counsel "'should be given serious consideration . . . if the plaintiff has not alleged a frivolous or malicious claim'" and the pleadings state a prima facie case. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986)(quoting Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984)). The Court must also consider

plaintiffs' inability to obtain counsel on his own and plaintiff's need for an attorney. Id. The inquiry regarding plaintiffs' need for counsel should focus on the following, non-exclusive factors: (1) the factual and legal complexity of the case; (2) plaintiffs' ability to investigate the facts and present the claim; (3) the existence of conflicting testimony; and (4) the ability of plaintiffs to present their claim. Id. at 1043-44.

The Court is unconvinced that plaintiffs should be appointed counsel at this stage of the proceedings. First, the Court notes that plaintiffs must make "a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Society, 662 F.2d 1301, 1319 (9th Cir. 1981). In Bradshaw, the court found that contacting ten attorneys was sufficient. Another court found that contacting only four attorneys would satisfy the requirement of diligence. See Luna v. Int'l Ass'n. of Machinists & Aerospace Workers Local. No. 36, 614 F.2d 529, 531 (5th Cir. 1980). In this case, plaintiffs have indicated that they have contacted three attorneys. It is unclear whether the attorneys contacted handle these types of cases or whether they take cases on a contingency fee basis. The Court concludes in its discretion that plaintiffs have not fulfilled their obligation to diligently attempt to secure representation. Accordingly, this factor weighs against appointment of counsel.

Second, the Court notes that plaintiffs have not demonstrated that they meet any of the need-based factors. Based on the information before it, the Court is unable to determine whether this case has the potential to become factually or legally complex. Nothing in the record shows that plaintiffs lack the ability to investigate the facts or otherwise present their claim. Furthermore, a determination as to the existence of conflicting testimony would be premature at this early stage in the proceedings, where defendant has only recently been served.

2

Therefore, because plaintiffs have not yet demonstrated need or an inability to acquire counsel, plaintiff's motion for appointment of counsel (Doc. No. 5) will be **DENIED**.

**II. Motion to Submit New Information in Support of Plaintiffs' Civil Complaint Regarding Abuse and Terrorism by the Defendant (Doc. No. 7)**

Plaintiffs filed a motion seeking leave to submit new information. In said motion, plaintiffs appear to indicate that they believe the U.S. Marshal's office has delayed in serving their complaint. The Court notes that the complaint was served on defendant by the U.S. Marshal's office on May 31, 2005 (see Doc. No. 6), a mere eleven days following entry of the Court's Order granting plaintiffs permission to proceed in forma pauperis (see Doc. No. 2). Therefore, plaintiffs' complaints regarding service of the complaint are moot and will not be considered by the Court.

Plaintiffs also appear to indicate that they possess additional evidence of alleged discriminatory incidents. However, in its present form, plaintiffs' motion to submit new information is improper. Therefore, plaintiffs motion (Doc. No. 7) is **DENIED.** Plaintiffs are notified that they may amend their complaint once as a matter of course (without seeking the Court's permission) prior to defendant's filing an answer or other responsive pleading. See Rule 15(a) of the Federal Rules of Civil Procedure. Otherwise, they may amend their complaint only by leave of this Court or by the written consent of the defendant. See id. Plaintiffs are cautioned that an amended complaint has the effect of displacing the earlier pleading to which it is directed, so if they wish to preserve portions of the original complaint, the plaintiffs should incorporate those portions by specific reference in the amended complaint.

3

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiffs at the following addresses:

Ronald Lee Hodges
19B Cottage Hill Apartments
Kimberling City, Missouri 65686

Carolyn Ann Hodges
35A Lakeshore Drive
Kimberling City, Missouri 65686


**IT IS SO ORDERED.**


Date: June 8, 2005　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

4