# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| RONALD LEE HODGES and<br>CAROLYN ANN HODGES,<br><br>        Plaintiffs,<br>v.<br><br>COTTAGE HILL APARTMENTS,<br>d/b/a Kimberling City Housing Auth. 2,<br>d/b/a Signature Management Corp.,<br>d/b/a Wildwood Resort Properties, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 05-5060-CV-SW-FJG<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

Pending before the Court are (1) Defendant Cottage Hill Apartments' Motion to Dismiss (Doc. No. 12); (2) Plaintiffs' Motion for Relief from Defendants (Doc. No. 9); and (3) Plaintiffs' Motion for Reconsideration for Appointment of Counsel (Doc. No. 13). Each will be considered below.

**I.   Defendant Cottage Hill Apartments' Motion to Dismiss (Doc. No. 12)**

Defendant states that this case should be dismissed for failure to exhaust administrative remedies, indicating that such failure to exhaust administrative remedies means that this Court lacks subject matter jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). Here, defendant has made a facial attack on the pleadings; in its motion to dismiss, defendant does not present a challenge to the

facts as stated in plaintiffs' complaint. In reviewing a facial attack,

> the court restricts itself to the face of the pleadings, ... and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). The general rule is that a complaint shall not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

Osborn, 918 F.2d at 729 n. 6 (internal citations omitted).

Defendant indicates plaintiffs allege in their complaint that they have been discriminated against due to a disability. The Missouri Human Rights Act provides that those with disabilities are in a protected class. See R.S.Mo. § 213.040. Plaintiffs did not obtain a Notice of Right to Sue from the Missouri Commission on Human Rights ("MCHR") prior to the filing of this lawsuit. R.S.Mo. § 213.111 provides that the MCHR may issue a person in plaintiffs' circumstance "a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint." Defendant claims that courts have interpreted similar language in prior versions of Section 213.111 to mean that "a person must receive a right to sue letter from the MCHR before she may bring a civil action based on an alleged discriminatory act." See Roberts v. Panhandle Eastern Pipeline Company, 783 F. Supp. 1043, 1048 (W.D. Mo. 1991) (emphasis added); see also Tart v. Hill Behan Lumber Company, 31 F.3d 668, 671 (8th Cir. 1994) (same). Defendant indicates that because plaintiffs failed to obtain a right to sue letter prior to filing this lawsuit, their suit should be dismissed for lack of jurisdiction.

In response to the pending motion, plaintiffs each obtained a right to sue letter from the MCHR. Defendant, in reply, indicates that this is insufficient; defendant has the view that plaintiffs would have had to obtain the right to sue letter prior to filing this lawsuit for

the Court to have jurisdiction over their claims, and that this is not a curable defect.

The Court, however, does not adopt defendant's view of the law.  When presented with the same issue, other courts have found that "receipt of a notice of right to sue is a condition precedent to filing an MHRA civil action, which may be cured after the action has begun."  VanKempen v. McDonnell Douglas Corp., 923 F.Supp. 146, 149 (E.D. Mo. 1996)[1](emphasis added); see also Whitmore v. O'Connor Management, Inc., 156 F.3d 796, 800 (8th Cir. 1998) (same).  Furthermore, in VanKempen, the court found that "because plaintiff's action was on file when he received the right-to-sue letter, he meets the MHRA requirement that suit be filed within ninety days after receipt of notice of right to sue."  923 F.Supp. at 149.  In the present matter, plaintiffs' lawsuit was already on file when they received the right-to-sue letter, thereby meeting the MHRA requirement that suit be filed within ninety days after receipt of the notice of right to sue.  Therefore, the Court finds that plaintiffs have cured the defect present in their original complaint.

Defendant also suggests that the proper forum for the claims made by plaintiffs is the pending action for Unlawful Detainer by Landlord Against Tenant in the Circuit Court of Stone County (which appears to have been filed on or about June 7, 2005, see Doc. No. 12, Ex. B), and that dismissing this action would allow the parties to consolidate all claims in a single action.  Defendant cites no case law for the proposition that this case, which was

---

[1]The VanKempen opinion distinguishes the Tart v. Hill Behan Lumber Co. case (cited by defendant), noting that while the Tart opinion "confirms that receipt of a right-to-sue letter is a prerequisite to a civil action, it does not establish that receipt of a right-to-sue letter is a *jurisdictional* prerequisite."  923 F.Supp. 146, 148. The court further distinguished the Tart opinion, noting "the legal character of the requirement that a plaintiff obtain a right-to-sue letter was not at issue in Tart, which concerned whether a litigated charge was 'like or reasonably related to' an administrative charge of discrimination."  Id.

3

filed prior to the state action, should be dismissed in favor of the state action. On the record before it, the Court cannot conclude that this first-filed action should be dismissed so that the parties could consolidate their claims in the state court action.

Therefore, for the foregoing reasons, defendant's motion to dismiss (Doc. No. 12) is **DENIED.**

## II. Plaintiffs' Motion for Relief from Defendants (Doc. No. 9)

Plaintiffs move for a variety of relief from defendant, including "indemnification from prosecution in any city, county or state court in matters of my leasing this home from Signiture [sic] Leasing Corp [sic] of Des. [sic] Moines Iowa till the Court determines whether rent is due or not due." Plaintiffs "also request not having to pay the cable t.v. charges of thirty dollars a month till this Court or attorney provided by this Court advises me which course of actions I best pursue to continue to live a life free of harassment and criminal actions by the housing management."

After reviewing the plaintiffs' requests, the Court is of the opinion that it does not have the authority to grant these requests. Federal courts are courts of limited jurisdiction, and generally do not have the power to enjoin parallel state court proceedings. See 28 U.S.C. § 2283. Furthermore, the Court finds that much of the relief requested has nothing to do with the allegations of plaintiffs' complaint (namely, claims of housing discrimination).

Therefore, plaintiffs' Motion for Relief from Defendants (Doc. No. 9) is **DENIED.**

## III. Plaintiffs' Motion for Reconsideration for Appointment of Counsel (Doc. No. 13)

The Court originally denied pro se plaintiffs' motion for appointment of counsel by

order dated June 8, 2005, on the grounds that (1) plaintiffs had not provided sufficient information to show that they had diligently attempted to secure representation; and (2) plaintiffs had not provided sufficient information to determine whether they met need based factors for appointment of counsel (such as complexity of the case, plaintiffs' ability to investigate the facts and present the claim, existence of conflicting testimony).  See Doc. No. 10.

On June 24, 2005, plaintiffs filed a motion for reconsideration for appointment of counsel (Doc. No. 13).  Plaintiffs demonstrate in their motion for reconsideration that they have attempted to secure representation.  However, the Court finds that plaintiffs still have not demonstrated that they meet any of the need-based factors.  Based on the information before it, the Court is unable to determine whether this case has the potential to become factually or legally complex.  Nothing in the record shows that plaintiffs lack the ability to investigate the facts or otherwise present their claim.  Furthermore, a determination as to the existence of conflicting testimony would be premature at this early stage in the proceedings.  Therefore, plaintiffs' motion for reconsideration for appointment of counsel (Doc. No. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiffs at the following addresses:

Ronald Lee Hodges
19 Cottage Hill Apartments
Unit B
Kimberling City, Missouri 65686

Carolyn Ann Hodges
19 Cottage Hill Apartments
Unit B

5

Kimberling City, Missouri 65686

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via e-mail to plaintiffs at the following address: mahatmahodges@msn.com.

**IT IS SO ORDERED.**

Date: September 13, 2005                            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                Fernando J. Gaitan, Jr.
                                                                          United States District Judge