# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| RONALD LEE HODGES and | ) |
| CAROLYN ANN HODGES, | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) No. 05-5060-CV-SW-FJG |
| COTTAGE HILL APARTMENTS, | ) |
| d/b/a Kimberling City Housing Auth. 2, | ) |
| d/b/a Signature Management Corp., | ) |
| d/b/a Wildwood Resort Properties, LLC, | ) |
| Defendant. | ) |

# ORDER

Pending before the Court are (1) plaintiffs' motion for reconsideration for appointment of counsel (Doc. No. 35); (2) plaintiffs' motion for jury trial (Doc. No. 37); (3) plaintiffs' motion to strike the deposition of January 20, 2006 (Doc. No. 38); and (4) Defendant's motion to amend/correct defendant's response to plaintiffs' motion to strike the deposition of January 20, 2006 (Doc. No. 42). Each will be considered below.

**I. Plaintiffs' Motion for Reconsideration for Appointment of Counsel (Doc. No. 35)**

The information presented in plaintiffs' motion for reconsideration of appointment of counsel (Doc. No. 35) does not provide sufficient evidence for the Court to reconsider its previous orders denying appointment of counsel. Therefore, plaintiffs' motion (Doc. No. 35) is **DENIED.** Unless plaintiffs experience a significant change in circumstances, plaintiffs are advised that further motions for reconsideration of the Court's original Order denying appointment of counsel (Doc. No. 10) will likely be denied.

## II. Plaintiffs' Motion for Jury Trial (Doc. No. 37)

Plaintiffs now request a trial by jury. As discussed by defendant, plaintiffs' jury trial demand is untimely pursuant to Federal Rule of Civil Procedure 38(b), as plaintiffs filed this lawsuit on or about May 20, 2005, and never requested a jury trial until the filing of the pending motion for jury trial on January 23, 2006. According to Federal Rule of Civil Procedure 38(d), failure to timely serve and file a jury trial demand constitutes a waiver of the right to a jury trial. Therefore, plaintiffs' motion for a jury trial (Doc. No. 37) is **DENIED.**

## III. Plaintiffs' Motion to Strike the Deposition of January 20, 2006 (Doc. No. 38) and Defendant's Motion to Amend/Correct Defendant's Response to Plaintiffs' Motion to Strike the Deposition of January 20, 2006 (Doc. No. 42)

First, the Court notes that in Defendant's Motion to Amend/Correct (Doc. No. 42), defendant simply wishes to add attorney Brian Rickert's signature to the signature block of the previously-filed response (Doc. No. 40). For good cause shown, defendant's motion is **GRANTED**, and the pleading attached to Doc. No. 42 will be considered the properly-filed response to plaintiffs' motion to strike.

Plaintiffs move to strike the deposition taken on January 20, 2006. Plaintiffs appear to object to attorney James H. Gilliam acting as counsel for defendants and taking the deposition. The Court notes that James H. Gilliam entered an appearance in this matter shortly before the date of the deposition. Nonetheless, on the date of the deposition, plaintiffs "requested that James H. Gilliam produce a signed order by the Judge naming him as counsel for the Defendants and allowing him to depose the Plaintiffs." Plaintiff Ronald Hodges "refused to be deposed until a signed order was produced." Plaintiff Carolyn Hodges reports that she felt intimidated and complied with the deposition. Plaintiffs request

2

that the deposition of January 20, 2006 be stricken from the record and that another deposition be set at the convenience of the Plaintiffs.

The Court notes that defendant has the right to be represented by counsel of its choice; as counsel had already properly entered an appearance in this matter, plaintiffs had no basis for their objections to defendant's counsel Gilliam conducting this deposition. The Court would have been inclined to deny plaintiffs' motion; however, defendant responds to plaintiffs' motion that, "As an accommodation to the Plaintiffs, Defendants are willing to consent to this Court entering a ruling that sustains Plaintiffs' Motion to Strike the Deposition of January 20, 2006, under the condition that within two week [sic] of this Court's order, this Court requires Plaintiffs to provide Defendant with a date when both Plaintiffs would be available to have their depositions re-taken at the Courthouse in Joplin, Missouri."

Accordingly, plaintiffs' motion to strike the depositions of January 20, 2006 (Doc. No. 38) is **GRANTED.** Plaintiffs are **ORDERED** to provide defendant a date when both plaintiffs will be available to have their depositions taken at the United States Courthouse for the Western District of Missouri. Plaintiffs shall provide this date to defendant on or before **February 21, 2006.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiffs at the following addresses:

Ronald Lee Hodges and Carolyn Ann Hodges
616 Evergreen Avenue
Apartment 22
Hollister, Missouri 65672

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via

3

e-mail to plaintiffs at the following address: mahatmahodges@msn.com.

**IT IS SO ORDERED.**

Date: February 7, 2006
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

4